Welch, J.
The whole case is a question of the construction of Deitrich’s deed to Strieker. If Strieker has any right to the easement in controversy, he acquired it by that deed. That the deed does not expressly grant the easement, is admitted. Its language is unequivocal, making the “partition wall” the dividing line between the two lots. Nor is it claimed that the easement had attached or become appurtenant to lot 51, by user or prescription. On the contrary it is conceded, and so we understand the law to be in Ohio (Hieatt v. Morris, 10 Ohio St. 523; Washb. Easm. 497), that no prescriptive right to the use of light and air through windows can be acquired by any length of use or enjoyment. But it is claimed that the easement is granted by implication, arising upon the circumstances sui’rounding the execution of the deed. In other words, it is claimed that the grant is to be *143 implied from the fact that the windows were in use at the time of the conveyance, and were necessary to the convenient enjoyment of the property, and that this implication is not rebutted by the fact that the lots were simultaneously sold at. auction.
In the view we take of this case, it is unnecessary to consider the effect of the circumstance that the lots were simultaneously sold at auction. In a proper case, no doubt, that fact might go far to rebut the implication of a grant, and there are a number of decisions -to that effect. In such a case 'it would, perhaps, be quite immaterial which deed was executed first, as the parties to the first deed would be held to have known and intended, at the time of its execution, that the other deed was to be executed also, and was to be made conformable to the terms and conditions of the sale, neither purchaser having any preference over the other. But we place our decision of the case upon other'grounds, and need not, therefore, discuss the question whether it is varied by the fact that the lots were simultaneously sold.
Nor do we deem it necessary to discriminate between the ease of an implied grant and that of an implied reservation in a grant. Some of the early English decisions stand upon the ground of such a distinction, holding that the same circumstances, of necessity or use, which would support an implication of grant, where the dominant estate is first sold, will not support an implication of reservation where the servient estate is first sold.
What we hold is, that the law of implied grants and implied reservations, based upon necessity or use alone, should not be applied to easements for light and air over the premises of another in any case. In our view, therefore, the law of the present case is not in the least varied by the fact thal the dominant estate was conveyed first, or by the fact that both lots were sold at the same time. It seems to us that this doctrine of easements in light and air, founded upon sheer necessity and convenience, like the kindred doctrine of “ ancient windows,” or prescriptive right to light and air by long user, is wholly unsuited to our condition, and is not in ac *144 cordance with, the common understanding of the community. Both doctrines are based upon similar reasons and considerations, and botli should stand or fall together. They are nnsuited to a country like ours, where real estate is constantly and rapidly appreciating, and being subjected to new and more costly forms of improvement, and where it so frequently changes owners as almost to become a matter of merchandise. In cases of cheap and temporary buildings, the application of the doctrine would be attended with great uncertainty, and be a fruitful souree of litigation. It would, moreover, in many cases, be .a perpetual incumbrance upon the servient estate, and operate as a veto upon improvements in our towns and cities. It will be safer, we think, and more likely to subserve the ends of justice and public good,.to leave the parties, on questions of light and air, to the boundary lines they name, and the terms they express in their deeds and contracts.
We know that the authorities on this subject are not uniform. But we believe the weight of American decisions are in accordance with the opinion here expressed. (See Maynard v. Esher, 17 Penn. St. 222; Haverstick v. Sipe, 33 id. 368, 371; Dodd v. Burchell, 1 H. & C. 112; Myers v. Gimmel, 10 Barb. 537; Palmer v. Wetmore, 2 Sandf. Sup. C. R. 316; Collier v. Pierce, 7 Gray, 18.)
In Haverstick v. Sipe the court hold, that the grant of an easement for light and air is not implied from the fact that such a privilege has been long enjoyed; and that a contract for such privilege is not implied on the sale of a house and lot, from the character of improvements on the lot sold, and the adjoining lots. The court say: “There is a sort of necessity for such an implication relative to ‘ other apparent easements, such as roads and alleys, in order to account for a use of another man’s land that would otherwise be a wrongful encroachment; and the implication is -easily framed or defined, for it appears on. the ground. But how can we define an easement for light and air by implication, without arresting all change in the style .of buildings, all enjoyment of a man’s house, according to the demands of a growing *145 or improving family ? A purchaser of a house in a crowded town never supposes that his neighbor will have a right to prevent him from changing the form of it according to his taste.”
We fully concur in the opinion thus expressed, and in the reasoning upon which it is based.
Judgment reversed, and cause remanded for a new trial.
Beinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.